**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PAUL VANOLD JEAN and
MARTHA JEAN,

        Plaintiffs,

v.                                    Case No. 1:26-cv-21082-DPG

FIRST NATIONAL BANK OF AMERICA,

        Defendant.       /

**DEFENDANT FIRST NATIONAL BANK OF AMERICA'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

**I. ANSWER**

Defendant First National Bank of America ("Defendant"), by and through undersigned counsel, answers Plaintiffs Paul Vanold Jean and Martha Jean's (collectively, "Plaintiffs") Complaint as follows:

1.     Defendant admits only that Plaintiffs purport to assert claims under RESPA and Regulation X; Defendant denies that it violated RESPA or Regulation X and denies that Plaintiffs are entitled to any relief.

2.     Defendant admits that the Consumer Financial Protection Bureau has authority to supervise and enforce compliance with RESPA and may issue regulations implementing RESPA; to the extent Paragraph 2 contains legal conclusions or characterizations, no response is required. Otherwise denied.

3.     Denied.

4.     Defendant admits that this Court has subject-matter jurisdiction over the federal claim asserted. Otherwise denied.

5.      Admitted.

6.      Defendant admits that venue is alleged to be proper in this District; Defendant lacks sufficient information to admit or deny the remaining allegations and therefore denies them.

7.      Defendant admits it is a federally insured bank and that its principal address is in East Lansing, Michigan. Defendant denies any remaining allegations in Paragraph 7 to the extent inconsistent with Defendant's records.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' ownership and therefore denies them. Defendant admits only that the property address referenced is 278 NW 107 Street, Miami, Florida 33168.

9.      Defendant lacks sufficient information to admit or deny these allegations in this paragraph and therefore denies them.

10.      Defendant admits it is a loan servicer as that term is defined by applicable law with respect to the referenced loan. Otherwise denied.

11.      Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding whether the loan is a "federally related mortgage loan" as defined by statute and regulation and therefore denies them. Defendant further lacks knowledge as to the accuracy of the loan number alleged and therefore denies it.

12.      Defendant admits only that Plaintiffs entered into a loan secured by a mortgage on the referenced property. Otherwise denied.

13.      Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding origination and recording dates and therefore denies them.

14. Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding the full chain of assignments as alleged and therefore denies them (a through h, inclusive).

15. Denied.

16. Defendant admits that Plaintiffs entered into a loan modification agreement dated September 21, 2010 and a subsequent modification/forbearance and modification documentation dated October 1, 2017, as reflected in exhibits attached to the Complaint. The documents speak for themselves. Any inconsistent characterizations are denied.

17. Defendant lacks knowledge or information sufficient to admit or deny Plaintiffs' reasons for hiring counsel and therefore denies the allegations.

18. Defendant admits that Plaintiffs' counsel sent correspondence dated July 8, 2025 purporting to be a Notice of Error and Request for Information. The referenced document speaks for itself. Otherwise denied.

19. Defendant admits that the July 8, 2025 correspondence includes the enumerated requests and that the document speaks for itself. Defendant denies any implication that the requests necessarily imposed obligations beyond those required by applicable law.

20. Defendant admits that Plaintiffs' correspondence references an interest-rate issue and cites a 2010 modification; the document speaks for itself. Otherwise denied.

21. Defendant admits it sent correspondence dated July 22, 2025 responding to Plaintiffs' July 8, 2025 letter. Defendant denies that its response was noncompliant or that it failed to provide required information and documents.

22. Defendant admits Plaintiffs' counsel sent correspondence dated January 19, 2026 labeled as a "10 Day Notice and Opportunity to Cure." The document speaks for itself. Defendant denies that such correspondence created any additional statutory or regulatory obligation beyond those imposed by law.

23. Defendant lacks knowledge or information sufficient to admit or deny the specifics of delivery stated and therefore denies the allegations.

24. Denied.

25. Denied.

26. Defendant admits generally that Regulation X includes timing requirements for responses to certain information requests, subject to exceptions and limitations set forth in the regulation. Otherwise denied.

27. Denied.

28. Denied.

29. Denied.

30. Defendant repeats, re-alleges and incorporates by reference its responses to paragraphs 7 through 29 as though fully set forth herein.

31. Paragraph 31 purports to quote a statute and states legal conclusions to which no response is required; to the extent a response is deemed required, Defendant admits only that 12 U.S.C. § 2605 contains provisions relating to servicer obligations and prohibitions; otherwise denied.

32. Paragraph 32 states legal conclusions and characterizations of regulations and Federal Register commentary to which no response is required. Otherwise denied.

33. Paragraph 33 states legal conclusions to which no response is required. Otherwise denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendant lacks knowledge or information sufficient to admit or deny Plaintiffs' fee agreement with counsel and therefore denies the allegations.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## II. RESPONSE TO COUNT I

Defendant incorporates by reference its responses to Paragraphs 1 through 42 as if fully set forth herein. Defendant denies that it violated RESPA, Regulation X, or any other applicable law, and denies that Plaintiffs are entitled to any damages, costs, fees, or other relief.

## III. PRAYER FOR RELIEF

Defendant denies Plaintiffs are entitled to any relief.

## IV. AFFIRMATIVE DEFENSES

Without assuming any burden of proof not otherwise imposed by law, Defendant asserts the following affirmative defenses. Defendant expressly reserves the right to amend these defenses and assert additional defenses as discovery proceeds.

1.  Failure to State a Claim: The Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2.  Compliance / No Violation: Defendant complied with applicable obligations under RESPA and Regulation X, including any duties to acknowledge, investigate, and respond to any properly submitted request for information and/or notice of error.

3.  Request Not Actionable / Outside Scope: To the extent Plaintiffs' July 8, 2025 correspondence requested information not required by Regulation X, sought items outside "servicing," sought duplicative or irrelevant materials, or otherwise failed to satisfy statutory or regulatory prerequisites, Defendant had no duty to provide the requested information beyond what the law requires.

4.  Payoff-Balance Exclusion and Other Regulatory Limitations: To the extent Plaintiffs' July 8, 2025 letter demanded a payoff quote or other items that the regulation expressly treats differently (or does not require to be treated) as a request for information, Plaintiffs' claim is barred or limited accordingly.

5.  Designated Address / Improper Submission: To the extent Defendant established and provided proper notice of a designated address for requests for information and/or notices of error, and Plaintiffs did not send the alleged correspondence to that designated address, Defendant's duties were not triggered or were limited.

6.  Statute of Limitations: Plaintiffs' RESPA claims are barred, in whole or in part, by the applicable statute of limitations.

7.  No Actual Damages / No Causation: Plaintiffs cannot recover because they have not suffered actual damages caused by any alleged RESPA/Regulation X violation, and any

alleged damages are speculative, self-inflicted, not cognizable, or not proximately caused by Defendant's conduct.

8. Good-Faith Error / Bona Fide Error: Without admitting any violation, Defendant acted at all relevant times in good faith and with reasonable compliance procedures in place. Defendant timely acknowledged and substantively addressed Plaintiffs' July 8, 2025 correspondence by explaining that the original note rate was reinstated under an October 2017 modification and by enclosing the forbearance letter and 2017 loan-modification agreement reflecting how interest would accrue, capitalize, and be recast before repayment resumed. Any alleged shortcoming in the RFI response was unintentional, occurred despite procedures designed to achieve compliance with Regulation X, and did not cause Plaintiffs any actual, compensable damage. Under these circumstances, any technical or clerical errors constitute bona fide, good-faith errors not warranting liability or damages under 12 U.S.C. § 2605 and 12 C.F.R. § 1024.36.

9. No "Pattern or Practice" for Statutory Damages: Plaintiffs are not entitled to statutory damages because they cannot establish a "pattern or practice of noncompliance" as required for such relief.

10. No Private Injunctive Relief / Improper Remedy: To the extent Plaintiffs seek injunctive relief, specific performance, or an order compelling production of information beyond the remedies authorized by RESPA, such relief is unavailable as a matter of law and/or exceeds the scope of any private right of action.

11. Failure to Mitigate: Plaintiffs failed to mitigate their alleged damages, if any, and any recovery must be reduced accordingly.

12. Estoppel, Waiver, and Unclean Hands: Plaintiffs' claims are barred, in whole or in part, by waiver, estoppel, and/or unclean hands, including based on Plaintiffs' and/or their agents' conduct, omissions, or misrepresentations relating to the loan's terms and modification history.

13. Reservation of Rights: Defendant reserves all rights to assert additional defenses, including those that may become apparent through discovery, and to move to dismiss or strike any portion of the Complaint.

## IV. DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment in Defendant's favor and against Plaintiffs on all claims, dismiss the Complaint with prejudice, award Defendant its costs as permitted by law, and grant such other and further relief as the Court deems just and proper.

## V. JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Dale T. Golden*
Dale T. Golden, Esq.
dgolden@mgl.law
Florida Bar No.: 94080
**Martin Golden Lyons Watts Morgan PLLC**
410 Ware Boulevard, Suite 806
Tampa, Florida 33619
***COUNSEL FOR DEFENDANT***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** system to all parties entitled to notice of the same on this 9th day of March 2026.

*/s/ Dale T. Golden*
Dale T. Golden, Esq.