## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**PAUL VANOLD JEAN and**
**MARTHA JEAN,**

        **Plaintiffs,**

**v.**                                 **Case No. 1:26-cv-21082-DPG**

**FIRST NATIONAL BANK OF AMERICA,**

        **Defendant.**

_____/

**Defendant's Response to Plaintiffs' Motion for Leave to File First Amended Complaint**

        **By:**

        **Dale T. Golden**
        **Martin Golden Lyons Watts Morgan, PLLC**

## I.    INTRODUCTION

Plaintiffs implicitly recognize that the pending Complaint fails to create Article III jurisdiction. So, they ask the Court to do something it cannot—allow them to create subject-matter jurisdiction after-the-fact. Granting that relief would run afoul of binding precedent and this Court's own prior rulings. Article III jurisdiction is absent. A substantive ruling on Plaintiff's Motion to Amend would therefore be "nothing more than an advisory opinion." The Court must dismiss the case without prejudice.

## II.    Plaintiffs' Motion for Leave to File First Amended Complaint

Implicit in Plaintiff's Motion is an admission that the Complaint fails to allege facts sufficient to create Article III jurisdictional standing. The Motion itself declares: "The proposed pleading alleges Article III standing." *See* Doc. 23, p. 5. Absent from the Motion is an argument that the Court has jurisdiction to grant the relief sought. It instead implicitly relies on the concept of "hypothetical jurisdiction" to request permission to create Article III jurisdiction now via an amended complaint.

## III.    Legal Argument

Plaintiffs seek to amend their facially deficient complaint to create Article III Jurisdiction. But the Supreme Court jettisoned that concept nearly 40 years ago. In *Newman-Green, Inc., v. Alfonzo-Larrain*, the Court ruled that federal courts cannot permit plaintiffs to alter or embellish factually deficient complaints to create Article III jurisdiction because: "[a]llowing such a change would empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before." *Id.*, 490 U.S. 826, 832, 109 S. Ct. 2218, 2223 (1989). Plaintiffs ask permission from this Court to do what the Supreme Court rejected in *Newman-Green i.e.*, embellish the deficient factual allegations of injury in the pending Complaint "to produce

jurisdiction where none actually existed before." *See Newman-Green*, supra. That cannot be done. Just a few months ago, the Eleventh Circuit parroted this rule of law, stating:

> Before any federal court may address whether a plaintiff can assert a claim, the court must first determine whether it has jurisdiction to hear the case at all. ***If we lack jurisdiction, our only remaining function is to announce that we lack jurisdiction and dismiss the cause***.

*Light v. LVNV Funding, LLC*, 176 F.4th 1288 (11th Cir. 2026) (emphasis added), citing *Nationwide Mut. Ins. Co. v. Barrow*, 29 F.4th 1299, 1301 (11th Cir. 2022).

In *Trans Union v. Ramirez*, the Supreme Court recognized that federal court rulings issued absent Article III jurisdiction are nothing more than advisory opinions. And "federal courts do not issue advisory opinions." *Id.*, 594 U.S. at 424. Plaintiffs implicitly request an "advisory opinion" from this court—since it's clear the original complaint failed to create subject-matter jurisdiction. But the court cannot grant that request.

In a pre-*Trans Union* case, the Supreme Court repudiated the dissent's claim that a plaintiff lacking jurisdictional standing based on the original complaint can "create after-the-fact jurisdiction" finding it contrary to the Court's "longstanding rule that jurisdiction is to be assessed under the facts existing when the complaint is filed." *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 569 n.4 (1992).

Six years later, the Court again rejected the idea that it could issue substantive rulings in the absence of jurisdiction describing it as the:

> doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt, since rulings based on assumed jurisdiction come to the same thing as an advisory opinion, disapproved by this Court from the beginning.

*See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quotations omitted).

3

*Steel* made clear that federal courts cannot create jurisdiction retroactively by granting leave to amend a complaint that originally failed to establish standing:

> Without jurisdiction the court ***cannot proceed at all in any cause***. Jurisdiction is power to declare the law, and when it ceases to exist, ***the only function remaining to the court is that of announcing the fact and dismissing the cause***.

*Id.*, 523 U.S. 83, 94 (1998) (emphasis added), *citing Ex parte McCardle*, 74 U.S. 506 (1869).

The Court noted that the maxim that the absence of subject matter jurisdiction compels dismissal dates to at least 1869 when the Supreme Court decided *McCardle*. This Court has likewise recognized that when it determines it lacks Article III jurisdiction, it must dismiss the case. *See Ocampo v. Carrington Mortg. Servs., LLC*, 288 F. Supp. 3d 1327, 1333 (S.D. Fla. 2017) (J. Gayles) ("Carrington's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 27] is GRANTED. This action is DISMISSED for lack of subject matter jurisdiction.")

## IV. Conclusion

The original Complaint fails to allege facts of "injury" sufficient to create Article III jurisdiction. Plaintiffs implicitly agree and ask the Court to grant leave to create jurisdiction. But that order would be an impermissible "advisory opinion" based on the concept "hypothetical jurisdiction." The Supreme Court and Eleventh Circuit have consistently rejected that idea. And this Court has as well. The Court must dismiss the case without prejudice.

Dated: July 15, 2026

Respectfully submitted by:

*/s/Dale T. Golden*
dgolden@mgl.law
Florida Bar No.: 94080
Martin Golden Lyons Watts Morgan PLLC
410 Ware Boulevard, Suite 806
Tampa, Florida
Counsel for Defendant

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been forwarded via CM/ECF system to all parties entitled to notice of the same on this 15th day of July 2026.

*/s/ Dale T. Golden*
Dale T. Golden, Esq.