**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**PAUL VANOLD JEAN and**
**MARTHA JEAN,**

Plaintiffs,

**v.** Case No. 1:26-cv-21082-DPG

**FIRST NATIONAL BANK OF AMERICA,**

Defendant.
______________________/

## DEFENDANT FIRST NATIONAL BANK OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

## I. ANSWER

Defendant First National Bank of America ("Defendant"), by and through undersigned counsel, answers Plaintiffs Paul Vanold Jean and Martha Jean's (collectively, "Plaintiffs") First Amended Complaint as follows:

### PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' ownership and occupancy of the property and therefore denies them. Defendant admits only that the property address referenced is 278 NW 107 Street, Miami, Florida 33168.

2. Defendant lacks knowledge or information sufficient to form a belief

as to the truth of the allegations regarding the purpose for which the loan was incurred and therefore denies them.

3. Defendant admits it is a Michigan bank federally insured under FDIC Certificate No. 17438. Otherwise denied to the extent inconsistent with Defendant's records.

4. Defendant admits its principal place of business is 241 East Saginaw Street, East Lansing, Michigan 48823. Otherwise denied to the extent inconsistent with Defendant's records.

5. Defendant admits it services the mortgage loan secured by the Property, loan number ending in 086. Otherwise denied.

**JURISDICTION AND VENUE**

6. Defendant admits that this Court has subject-matter jurisdiction over the federal claims asserted under 28 U.S.C. § 1331. Otherwise denied.

7. Defendant admits that the Court has supplemental jurisdiction over state-law claims that share a common nucleus of operative fact with the federal claims to the extent such claims are properly pled. Defendant denies that any such claim is properly pled or that Plaintiffs are entitled to any relief. Otherwise denied.

8. Defendant admits that venue is alleged to be proper in this District under 28 U.S.C. § 1391(b)(2). Defendant lacks sufficient information to admit or deny the remaining allegations and therefore denies them.

## FACTUAL ALLEGATIONS

9. Defendant admits only that Plaintiffs entered into a loan secured by a mortgage on the referenced property. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations regarding the precise origination details and therefore denies them.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding the full chain of assignments as alleged (subparagraphs (a) through (h)) and therefore denies them.

11. Defendant admits that Plaintiffs entered into a loan modification agreement dated September 21, 2010, as reflected in documents previously produced or attached in this action. The document speaks for itself. Any inconsistent characterizations are denied.

12. The 2010 Modification document speaks for itself. Defendant denies any characterizations inconsistent with the document.

13. The 2010 Modification document speaks for itself. Defendant denies any characterizations inconsistent with the document, including any characterization that the interest rate was permanently capped at 4.930% in the manner alleged.

14. Denied as phrased. The 2010 Modification document speaks for itself.

15. Denied as phrased. The 2010 Modification document speaks for itself.

16. Denied as phrased. The 2010 Modification document speaks for itself.

17. The quoted language, if appearing in the 2010 Modification, speaks for itself. Any characterizations are denied.

18. Denied as phrased. The 2010 Modification document speaks for itself.

19. The 2010 Modification document speaks for itself. Defendant denies any characterizations inconsistent with the document.

20. Defendant admits that Plaintiffs entered into subsequent modification/forbearance documentation dated on or about October 1, 2017, as reflected in documents previously produced or attached in this action. The documents speak for themselves. Any inconsistent characterizations are denied.

21. Denied.

22. Denied.

23. Defendant lacks knowledge or information sufficient to admit or deny Plaintiffs' reasons for retaining counsel and therefore denies the allegations.

24. Denied as to the characterization of Plaintiffs' purpose. Defendant lacks knowledge or information sufficient to admit or deny Plaintiffs' subjective intentions and therefore denies them.

25. Denied as to the characterization of Plaintiffs' intent. Defendant lacks knowledge or information sufficient to admit or deny Plaintiffs' subjective intentions and therefore denies them.

26. Defendant admits that Plaintiffs' counsel sent correspondence dated July 8, 2025, purporting to be a combined Notice of Error under 12 C.F.R. § 1024.35 and Request for Information under 12 C.F.R. § 1024.36. The referenced document speaks for itself. Otherwise denied.

27. The July 8, 2025 correspondence speaks for itself. Defendant denies any implication that the correspondence accurately described any servicing error.

28. The July 8, 2025 correspondence speaks for itself. Defendant denies any implication that the correspondence accurately described any servicing error or that Defendant or prior servicers caused Plaintiffs to pay more than they were obligated to pay.

29. The July 8, 2025 correspondence speaks for itself. Otherwise denied.

30. The July 8, 2025 correspondence speaks for itself. Defendant denies any implication that the requests necessarily imposed obligations beyond those required by applicable law.

31. Defendant admits generally that Regulation X includes timing requirements for responses to certain requests for information, subject to the exceptions and limitations set forth in the regulation. Otherwise denied.

32. Defendant admits it received the July 8, 2025 correspondence.

33. Defendant admits it sent correspondence dated July 22, 2025, responding to Plaintiffs' July 8, 2025 letter. The response speaks for itself.

Defendant denies that its response was noncompliant or that it failed to provide required information and documents.

34. The July 22, 2025 response speaks for itself. Defendant denies that it failed to provide required information or documents.

35. Denied.

36. The July 22, 2025 response speaks for itself. Otherwise denied as to characterizations.

37. The enclosed 2017 Modification document speaks for itself. Defendant denies any characterizations inconsistent with the document.

38. The July 22, 2025 response and the enclosed 2017 Modification speak for themselves. Defendant denies any characterizations inconsistent with those documents.

39. Denied as phrased. The 2010 Modification and 2017 Modification documents speak for themselves.

40. The 2017 Modification document speaks for itself. Otherwise denied as to characterizations.

41. The 2017 Modification document speaks for itself. Otherwise denied as to characterizations.

42. The 2017 Modification document speaks for itself. Otherwise denied as to characterizations.

43. Denied as phrased. The 2010 Modification and 2017 Modification documents speak for themselves.

44. The 2017 Modification document and the July 22, 2025 response speak for themselves. Otherwise denied as to characterizations.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Defendant admits that interest continued to be calculated and stated on statements after July 22, 2025, consistent with the terms Defendant determined applied to the Loan. Otherwise denied.

50. Denied.

51. Denied. The July 22, 2025 response speaks for itself.

52. Denied.

53. Denied as phrased.

54. Denied as phrased.

55. Denied as phrased.

56. Defendant admits Plaintiffs' counsel sent correspondence dated January 19, 2026, identifying alleged omissions and providing an additional opportunity to comply. The document speaks for itself. Defendant denies that such

correspondence created any additional statutory or regulatory obligation beyond those imposed by law.

57. Defendant lacks knowledge or information sufficient to admit or deny the specifics of delivery stated and therefore denies the allegations.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Defendant admits that a charge designated as “Legal Fees” in the amount of $1,959.00 was posted to the Loan account on or about April 23, 2026. Otherwise denied as to characterizations.

66. Defendant admits that the referenced statement for the payment due June 1, 2026, reflected a total that included the $1,959.00 charge. The statement speaks for itself. Otherwise denied as to characterizations.

67. The statement speaks for itself. Otherwise denied as to characterizations.

68. Defendant admits that its records reflected the account status as of the relevant dates. The records speak for themselves. Otherwise denied as to characterizations.

69. The statement speaks for itself. Otherwise denied as to characterizations.

70. Denied.

71. The mortgage document speaks for itself. Defendant denies any characterizations inconsistent with the document.

72. Denied.

73. Denied.

74. Defendant admits that its records reflected the account status and payment history as of the relevant dates. The records speak for themselves. Otherwise denied as to characterizations.

75. Denied as phrased.

76. Denied as phrased.

77. Defendant admits that this lawsuit was pending. Otherwise denied as to characterizations.

78. Denied.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding continuous occupancy and therefore denies them.

80. Defendant admits that its records reflected the Property as owner-occupied. Otherwise denied as to characterizations.

81. Denied.

82. Denied.

83. Defendant admits that its records reflected the account status as of the relevant dates. The records speak for themselves. Otherwise denied as to characterizations.

84. Denied.

85. Denied.

86. Denied.

**COUNT I — VIOLATION OF RESPA, 12 U.S.C. § 2605(k)(1)(E) AND REGULATION X, 12 C.F.R. § 1024.36**

87. Defendant incorporates by reference its responses to Paragraphs 1 through 86 as if fully set forth herein.

88. The allegations state legal conclusions to which no response is required. To the extent a response is deemed required, they are denied.

89. The allegations state legal conclusions to which no response is required. To the extent a response is deemed required, they are denied.

90. Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding the originating lender and therefore denies them.

91. Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding the intended sale of the Mortgage and therefore denies them.

92. Defendant admits it is a servicer of the Mortgage under 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b) because it has received and applied Plaintiffs' mortgage payments. Otherwise denied.

93. Denied.

94. Defendant admits that Plaintiffs, through counsel, sent a request for information under 12 C.F.R. § 1024.36. Otherwise denied as to characterizations.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Defendant lacks knowledge or information sufficient to admit or deny Plaintiffs' fee agreement with counsel and therefore denies the allegations.

103. Denied.

**COUNT II — VIOLATION OF RESPA, 12 U.S.C. § 2605(k)(1)(E) AND REGULATION X, 12 C.F.R. § 1024.35**

104. Defendant incorporates by reference its responses to Paragraphs 1 through 86 as if fully set forth herein.

105. The allegations state legal conclusions to which no response is required. To the extent a response is deemed required, they are denied.

106. The allegations state legal conclusions to which no response is required. To the extent a response is deemed required, they are denied.

107. Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding the originating lender and therefore denies them.

108. Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding the intended sale of the Mortgage and therefore denies them.

109. Defendant admits it is a servicer of the Mortgage under 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b) because it has received and applied Plaintiffs' mortgage payments. Otherwise denied.

110. Denied.

111. The July 8, 2025 correspondence speaks for itself. Otherwise denied as to characterizations.

112. Denied.

113. The allegations state legal conclusions to which no response is required. To the extent a response is deemed required, they are denied.

114. Denied as phrased. The July 22, 2025 response speaks for itself.

115. Defendant admits it received the July 8, 2025 correspondence and responded on July 22, 2025. Otherwise denied as to characterizations.

116. Denied as phrased. Defendant's response speaks for itself.

117. The allegations state legal conclusions to which no response is required. To the extent a response is deemed required, they are denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Defendant lacks knowledge or information sufficient to admit or deny Plaintiffs' fee agreement with counsel and therefore denies the allegations.

133. Denied.

**COUNT III — VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(9)**

134. Defendant incorporates by reference its responses to Paragraphs 1 through 86 as if fully set forth herein.

135. Defendant admits the Loan is a "consumer debt" under Florida Statutes § 559.55 to the extent it was incurred for personal, family, or household purposes. Otherwise denied as to characterizations.

136. Defendant admits it is a "person" collecting a consumer debt subject to Florida Statutes § 559.72. Otherwise denied as to characterizations.

137. Defendant admits that a $1,959.00 charge designated as "Legal Fees" was posted on or about April 23, 2026, and demanded on the statement for the payment due June 1, 2026. The statement speaks for itself. Otherwise denied as to characterizations.

138. The statement speaks for itself. Defendant denies that it attempted to collect the charge in any improper manner or that any violation of the FCCPA occurred.

139. Denied as phrased. The statement speaks for itself.

140. Defendant admits that its records reflected the account status as of the relevant dates. The records speak for themselves. Otherwise denied as to characterizations.

141. Denied.

142. The mortgage document speaks for itself. Defendant denies any characterizations inconsistent with the document.

143. Denied.

144. Denied.

145. Denied.

146. Denied as phrased.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

## II. RESPONSE TO RELIEF REQUESTED

Defendant denies that Plaintiffs are entitled to any of the relief requested in the "Relief Requested" section, including but not limited to actual damages, statutory damages, punitive damages, injunctive and declaratory relief, attorney's fees and costs, pre-judgment and post-judgment interest, any order restraining the alteration, deletion, or destruction of documents or records, or any other relief.

## III. AFFIRMATIVE DEFENSES

Without assuming any burden of proof not otherwise imposed by law, Defendant asserts the following affirmative defenses. Defendant expressly reserves the right to amend these defenses and assert additional defenses as discovery proceeds.

1. Failure to State a Claim: The First Amended Complaint fails to state a claim upon which relief can be granted, in whole or in part, as to each Count.

2. Compliance / No Violation: Defendant complied with applicable obligations under RESPA and Regulation X, including any duties to acknowledge, investigate, and respond to any properly submitted request for information and/or notice of error. Defendant further complied with all applicable obligations under the Florida Consumer Collection Practices Act.

3. Request Not Actionable / Outside Scope: To the extent Plaintiffs' July 8, 2025 correspondence requested information not required by Regulation X,

sought items outside "servicing," sought duplicative or irrelevant materials, or otherwise failed to satisfy statutory or regulatory prerequisites, Defendant had no duty to provide the requested information beyond what the law requires.

4. Payoff-Balance Exclusion and Other Regulatory Limitations: To the extent Plaintiffs' July 8, 2025 letter demanded a payoff quote or other items that the regulation expressly treats differently (or does not require to be treated) as a request for information, Plaintiffs' claim is barred or limited accordingly.

5. Designated Address / Improper Submission: To the extent Defendant established and provided proper notice of a designated address for requests for information and/or notices of error, and Plaintiffs did not send the alleged correspondence to that designated address, Defendant's duties were not triggered or were limited.

6. Statute of Limitations: Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

7. No Actual Damages / No Causation: Plaintiffs cannot recover because they have not suffered actual damages caused by any alleged RESPA/Regulation X or FCCPA violation, and any alleged damages are speculative, self-inflicted, not cognizable, or not proximately caused by Defendant's conduct.

8. Good-Faith Error / Bona Fide Error: Without admitting any violation, Defendant acted at all relevant times in good faith and with reasonable compliance

procedures in place. Defendant timely acknowledged and substantively addressed Plaintiffs' July 8, 2025 correspondence by explaining the applicable rate under the governing loan documents (including the October 2017 modification) and by enclosing relevant documentation. Any alleged shortcoming was unintentional, occurred despite procedures designed to achieve compliance, and did not cause Plaintiffs any actual, compensable damage. Under these circumstances, any technical or clerical errors constitute bona fide, good-faith errors not warranting liability or damages under 12 U.S.C. § 2605, 12 C.F.R. Part 1024, or the FCCPA.

9. No "Pattern or Practice" for Statutory Damages: Plaintiffs are not entitled to statutory damages under RESPA because they cannot establish a "pattern or practice of noncompliance" as required for such relief.

10. No Private Injunctive Relief / Improper Remedy: To the extent Plaintiffs seek injunctive relief, specific performance, declaratory relief, or an order compelling production of information or restraining document destruction beyond the remedies authorized by RESPA or the FCCPA, such relief is unavailable as a matter of law and/or exceeds the scope of any private right of action.

11. Failure to Mitigate: Plaintiffs failed to mitigate their alleged damages, if any, and any recovery must be reduced accordingly.

12. Estoppel, Waiver, and Unclean Hands: Plaintiffs' claims are barred, in whole or in part, by waiver, estoppel, and/or unclean hands, including based on Plaintiffs' and/or their agents' conduct, omissions, or misrepresentations relating to the loan's terms and modification history.

13. Authorized Fees / No FCCPA Violation: The $1,959.00 charge was authorized under the note, mortgage, and/or applicable law, or was otherwise properly assessed in connection with the defense of this action or protection of Defendant's interests. Defendant did not claim, attempt, or threaten to enforce a debt it knew was not legitimate, and did not assert a legal right it knew did not exist. Plaintiffs cannot establish the knowledge element required by Florida Statutes § 559.72(9).

14. Reservation of Rights: Defendant reserves all rights to assert additional defenses, including those that may become apparent through discovery, and to move to dismiss or strike any portion of the First Amended Complaint.

**IV. DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court enter judgment in Defendant's favor and against Plaintiffs on all claims, dismiss the First Amended Complaint with prejudice, award Defendant its costs as permitted by law, and grant such other and further relief as the Court deems just and proper.

**V. JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Dale T. Golden*
Dale T. Golden, Esq.
dgolden@mgl.law
Florida Bar No.: 94080
Martin Golden Lyons Watts Morgan PLLC
410 Ware Boulevard, Suite 806
Tampa, Florida 33619

*COUNSEL FOR DEFENDANT*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded via CM/ECF system to all parties entitled to notice of the same on August 7, 2026.

*/s/ Dale T. Golden*
Dale T. Golden, Esq.